## JAMES A. CRISP v. STATE.

No. A-11119.   Nov. 24, 1948.
(200 P. 2d 453.)

Joe A. Smalley, of Norman, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and James Hester, County Atty., Cleveland County, of Norman, for defendant in error.

BAREFOOT, P. J.   Defendant, James A. Crisp, was sentenced by the district court of Cleveland county to serve a term of four years in the State Penitentiary at McAlester, upon his plea of guilty to a charge of grand larceny.   The value of the property alleged to have been stolen was $5.50 in cash, and "one Nastrix watch of the value of $40.00".

Defendant appealed from the judgment and sentence. Not being able to make bond pending his appeal, he is now confined in the State Penitentiary.   An order was entered by this court advancing the case, and the same was submitted after being set for hearing on November 10, 1948.

The only question presented on appeal is that the judgment and sentence should be modified from a term

of four years to a term of one year in the State Penitentiary.

It is contended that at the time defendant agreed to enter a plea of guilty, he had an agreement with the assistant county attorney of Cleveland county, who made the investigation and had charge of the prosecution of the case against this defendant, that if defendant would enter his plea of guilty, the assistant county attorney would recommend to the district judge that a sentence of one year in the penitentiary be given defendant.

The record reveals that the assistant county attorney of Cleveland county was not present at the time of the arraignment of defendant, nor at the time he entered his plea of guilty. It is also disclosed by the record that defendant was not represented by counsel at the time of entering his plea of guilty.

After defendant had been sentenced to the State Penitentiary for a period of four years, he employed counsel to appeal his case to this court, and the appeal was duly filed. Affidavits of the assistant county attorney and of the district judge who sentenced defendant have been filed, by agreement, as a part of the record in this case. These affidavits are as follows (omitting the caption and jurat):

"Justin Hinshaw, of lawful age, being first duly sworn, on oath states:

"That he is the District Judge in and for Cleveland County, State of Oklahoma, and was the presiding Judge at the time James A. Crisp entered a plea of guilty in cause No. 3834 in the district court of Cleveland County, state of Oklahoma; that at the time said defendant entered his plea of guilty, affiant was not aware nor was he informed that the assistant County Attorney had advised defendant that a recommendation of one year would be

made upon the entering of a plea of guilty in this cause; that since said sentence was passed, the affiant has been informed that the defendant entered a plea of guilty under the belief that a recommendation would be made that he be sentenced to a year and a day in the State Penitentiary; that under the circumstances set forth above, the affiant is of the opinion that the sentence rendered in said cause was excessive and should be modified accordingly.

"Further affiant sayeth not.

"Justin Hinshaw, District Judge."

"David Taylor, of lawful age, being first duly sworn, on oath states:

"That he was the assistant County Attorney in and for Cleveland County, Oklahoma, at the time the above cause was filed in the District Court of Cleveland County against the defendant herein; that he had several conversations with the defendant, James A. Crisp during the time he was being held in the county jail, Cleveland County, Oklahoma, pertaining to this charge; that he advised Mr. Crisp, during these conversations, that if a plea of guilty was entered in this cause he would recommend to the Court that he be sentenced to one year in the penitentiary; that thereafter, before the defendant was arraigned in the District Court, affiant made a trip to California on official business and while he was out of the State, the defendant was arraigned in the District Court and entered his plea of guilty.

"He further states that he did not advise the District Judge nor the County Attorney of these conversations with Mr. Crisp, and the District Court was not aware that a plea of guilty was entered by the defendant under the belief that he would be sentenced to one year in the State Penitentiary.

"Further affiant sayeth not.

"David W. Taylor."

After reading these affidavits, and an examination of the record, we are of the opinion that justice demands that the judgment and sentence in this case should be modified from a term of four years in the State Penitentiary at McAlester, to a term of one year in the State Penitentiary.

It is so ordered.

JONES and BRETT, JJ., concur.